

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

DEar Sir:                           Opinion No. O-1013
                                    Re:  Should the account of the Rio
                                         Grande Compact Commissioner for
                                         salary and expenses be paid?

        We are in receipt of your letter of July 21, 1939, a
part of which reads as follows:

        "Mr. F. B. Clayton, former Rio Grande
    Compact Commissioner, has presented two claims
    against the State, one for salary and another
    for expenses, to this department with the re-
    quest that I submit them to you for your opin-
    ion as to their legality. I am attaching the
    claims for your consideration."

        The expense items contained in the attached account
are for traveling expenses of Mr. Clayton incurred in connection
with his duties as said Commissioner over a period of time begin-
ning with September 4, 1938, and extending through April 17, 1939.
The items for salary include the sum of $250.00 for each of the
months from January through April, 1939.

        Chapter 9 of the Acts of the First Called Session of
the Forty-first Legislature, 1929, authorizes the Governor to
appoint a Rio Grande Compact Commissioner. This statute further
provides that "he shall receive from time to time such compen-
sation as may be allowed him by the Legislature, and until other-
wise provided by law he shall receive a salary of $250.00 month."

        You call our attention to the fact that the last
sentence of this statute reads as follows:

        "In connection with the other members
    of such committee he may employ such engineer-
    ing and clerical aid as may be authorized by the
    Legislature of Texas, but he shall incur no
    financial obligation on behalf of the State of
    Texas until the Legislature shall have provided
    and appropriated the money therefor."

In the General Appropriation Bill passed by the Forty-fifth Legislature, the sums of $9,000.00 and $1,000.00 were appropriated for the years ending August 31, 1938, and August 31, 1939, respectively, for the following purposes:

"Rio Grande Compact
Salary and expenses, Commissioner."

You advise that the full amount appropriated for the year ending August 31, 1939, was paid out to Mr. Clayton for salary at the rate of $250.00 per month for each of the months beginning with September and ending with December, 1938.

The Forty-sixth Legislature passed an emergency appropriation act, the same being Senate Bill No. 211, appropriating the sum of $5,000.00, or so much thereof as may be necessary, for the purpose of paying the salary and necessary traveling, engineering, clerical and miscellaneous expenses of the Rio Grande Compact Commissioner of Texas for the remainder of the fiscal year ending August 31, 1939. Mr. Clayton now desires to have his account paid out of the sums thus appropriated.

In our opinion you are not authorized to pay so much of the account presented to you by Mr. Clayton as is represented by expenses incurred. Chapter 9 of the Acts of the first called Session of the Forty-first Legislature, above quoted, specifically prohibited the Commissioner from incurring any financial obligation until the Legislature should have provided and appropriated the money therefor. The full amount of the appropriation was exhausted in the payment of salary.

Section 44, of Article III, of the Constitution of Texas, provides, in part, that:

"The Legislature shall . . . . not grant, by appropriation, or otherwise, any amount of money out of the Treasury of the State of Texas, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; . . . . . ."

In our opinion there was no pre-existing law which authorized these expenditures. In fact, there was a pre-existing law which said they should not be incurred, and they therefore have no legal existence.

It is our further opinion that the claim for salary for the period ending April 30, 1939, should be allowed and paid. The above mentioned Chapter 9 specifically set the salary of the Commissioner at $250.00 per month until otherwise provided by

law. We have been unable to find any other provision of the statutes changing this statutory salary. The General Appropriation Act of 1937 did not change it for the reason that a blanket appropriation for both salary and expenses was made for each of the years of the biennium beginning September 1, 1937. It could no more properly be said that the salary for the year beginning September 1, 1938, was fixed at $1,000.00 for the entire year, than it could be said that the salary for the year beginning September 1, 1937, was set at $9,000.00. A general blanket appropriation for two purposes does not fix the amount of either.

Nor do we believe that the provisions of Chapter 497, Acts of the Regular Session of the Forty-fifth Legislature, control or change the above conclusion. The pertinent provisions of this Act read as follows:

"The salaries of all State officers and all State employees . . . . . shall be, for the period beginning September 1, 1937, and ending August 31, 1939, such sums or amounts as may be provided for by the Legislature in the General Appropriation Bill. All laws and parts of laws fixing the salaries of all State officers and employees . . . . are hereby specifically repealed insofar as they are in conflict with this Act."

The blanket appropriation for the expenses and salary of the Commissioner makes no effort to set the amount of salary he shall receive. Therefore, there is no conflict between said Chapter No. 497 and said Chapter No. 9. Said last named Act is a valid pre-existing law creating the obligation evidenced by the claim for salary for the payment of which the special appropriation act was passed. We believe that you are authorized to allow and pay the claim insofar as it covers the Commissioner's salary.

This conclusion is in keeping with the letter opinions addressed by Assistant Attorney General Grady Chandler to you under date of July 19, 1937, and August 19, 1938.

Trusting this is the information you desire, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Victor W. Bouldin
Victor W. Bouldin
Assistant

VWB:FG:wc


APPROVED AUG 10, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/RWF Chairman